# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT TENUTO, LEO "DUKE" CLARK, BILLIE KESSLER, SHERYL FRANKLIN, KEITH RUSSEL, JOHN MARTINEC, collectively called FIGHTING FOR THE FUTURE SLATE, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 08 cv 1617 |
| v. | ) ) | |
| THOMAS CLAIR, JOHN FALZONE, KEN BRANTLEY, JOHN HURLEY, MIKE MARCATANTE, LINDA CRUZ, AND TONI FIORI, collectively called the EVERY TEAMSTER COUNTS SLATE, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' second motion to dismiss [17], Plaintiffs' response to that motion [23], and Defendants' reply [28]. Also before the Court are Plaintiffs' motion to impound ballots and facilitate conclusion of litigation [20], along with Defendants' response [25], and Plaintiffs' reply [26]. Finally, Plaintiffs also have filed a motion for expedited hearing and a preliminary injunction [29]. In their motion to dismiss and their opposition to Plaintiffs' motion to impound ballots, Defendants have raised as a threshold matter the contention that this Court lacks jurisdiction over Plaintiffs' amended complaint. The Court agrees with Defendants, and thus grants Defendants' motion to dismiss [17] and strikes Plaintiffs' motion to impound ballots [20] and Plaintiffs' motion for expedited hearing and preliminary injunction [29] as moot.

## I. Background

Plaintiffs' amended complaint alleges misconduct by Defendants with respect to a union election that was held on November 3, 2007. In particular, Plaintiffs allege that Defendants engaged in a concerted effort to derail Plaintiffs' campaigning, denied some members their right to vote, and had unmonitored access to the ballots for a period of time while the ballots were being collected and counted. On the basis of those alleged irregularities, Plaintiffs request that the Court declare the election void and order a new election to be held under the supervision of a Court-appointed monitor.

Plaintiffs' complaint consists of four counts. In Count I, Plaintiffs allege that Defendants have violated Section 151 of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151. In Count II, Plaintiffs allege that Defendants violated Section 401 of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 481. Counts III and IV allege violations of the labor union's local by-laws. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction.

## II. Analysis

Federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Transit Express, Inc. v. Ettinger*, 246 F.3d 1018, 1023 (7th Cir. 2001). The burden of establishing jurisdiction lies with Plaintiffs. *Id*. Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a claim (or, indeed, an entire lawsuit) on the ground that the Court lacks subject matter jurisdiction.

### A. Count I – NLRA claim

Courts long have recognized that Congress gave the National Labor Relations Board exclusive jurisdiction over unfair labor practices. The Supreme Court has held that the NLRA "preempts state and federal court jurisdiction to remedy conduct that is arguably protected or prohibited by the Act." *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees v. Lockridge*, 403 U.S. 274, 276 (1971); see also *NLRB v. Illinois Dep't of Employment Security*, 988 F.2d 735, 737-78 (7th Cir. 1993). Count I alleges that Defendants violated Section 151 of the NLRA. As Defendants point out, Section 151 is the preamble of the Act, but it is clear from the remaining allegations that Plaintiffs allege interference by Defendants with Plaintiffs' exercise of their rights to campaign and to elect their representatives. Those alleged actions at least arguably constitute unfair labor practices within the scope of the NLRB's exclusive authority under the NLRA. *Id*. at 738 ("when an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board") (citing *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245 (1959)); *Southern Illinois Laborers Dist. Council v. Special Mine Servs., Inc.*, 754 F. Supp. 645, 646 (S.D. Ill. 1990) (noting that "Section 8 of the NLRA proscribes as an unfair labor practice coercion of an employee who is exercising his rights under the NLRA").[1] Accordingly, this Court lacks jurisdiction over Count I of Plaintiffs' amended complaint and must dismiss Count I without prejudice. See, *e.g.*, *Murray v. Conseco, Inc.*, 467 F.3d 602, 605 (7th Cir. 2006) (noting that a dismissal for lack of subject matter jurisdiction is "not on the merits" and therefore must be without prejudice).

---

[1] The cases cited by Plaintiffs in opposition to Defendants' motion to dismiss are clearly distinguishable. The issue in *Leedom v. Kyne*, 358 U.S. 184, 188 (1958), was whether a district court had jurisdiction to review a claim that the NLRB had acted in excess of its delegated powers and contrary to a specific statutory prohibition in certifying a collective bargaining unit. Here, Plaintiffs do not challenge any

B.      **Count II – LMRDA claim**

Title IV of the LMRDA is designed to ensure free and democratic union elections. See *Wirtz v. Local 153, Glass Bottle Blowers Ass'n*, 389 U.S. 463, 470-71 (1968). It sets forth the substantive rules governing union elections (29 U.S.C. § 481) and the mechanism for enforcing those rules (29 U.S.C. § 482). Union members who allege violations of the election rules must first exhaust union remedies (29 U.S.C. § 482(a)), and then may file a complaint with the United States Department of Labor (*id.*). After investigating the complaint, the Secretary of Labor may file a suit in federal district court to set aside the election if she feels that such a suit is warranted. 29 U.S.C. § 482(b); see also *Molina v. Union de Trabajadores de Muelles*, 762 F.2d 166, 167 (1st Cir. 1985) ("Enforcement of Title IV rests with the Secretary of Labor, who investigates individual members' complaints and files suit in federal court if a grievance has merit"). "Under Title IV, the Secretary [of Labor] has the exclusive authority to challenge in federal court an election already conducted." *Chao v. Local 743, Int'l Brotherhood of Teamsters*, 500 F. Supp. 2d 855, 860 (N.D. Ill. 2007) (citing 29 U.S.C. § 483); see also *Local No. 92 Furniture & Piano Moving, Furniture Store Drivers v. Crowley*, 467 U.S. 526, 544 (1984); *Chao v. Local 743, Int'l Brotherhood of Teamsters*, 467 F.3d 1014, 1017 (7th Cir. 2007).[2] In other words, "[a] suit by the Secretary is the sole post-election remedy for challenging union elections in federal court." *Chao*, 500 F. Supp. 2d at 860; see also *Molina*, 762 F.2d at 167 ("Title IV's remedies are exclusive for *completed* elections") (emphasis in original).

---

agency action. *Briscoe v. Bell*, 432 U.S. 404, 413 n.13, 415 (1977), is even farther afield. In that case, the Supreme Court merely discussed and distinguished *Leedom* in holding that the lower courts erred in finding that they had jurisdiction to review decisions of the Attorney General and the director of the census.

[2] Plaintiffs' reliance on *Chao* fails to recognize that the plaintiff in that case, Elaine Chao, is the Secretary of Labor (see 467 F.3d at 1015), who is the only person authorized by Congress to bring an action in federal court to enforce Title IV of the LMRDA.

4

Here, Plaintiffs' complaint plainly alleges a violation of Section 481 and seeks a "post-election remedy" for alleged misconduct in a "completed" election. Accordingly, Plaintiffs' sole remedy is to file a complaint with the Labor Department, which Plaintiffs apparently have done based on the representations in their briefs. Should the Department decline to file suit on Plaintiffs' behalf, the Department must provide a statement of reasons and Plaintiffs then may have a right to review of that decision. See *Corner v. Department of Labor*, 2006 WL 1877049, at *1-*2 (N.D. Ill. July 5, 2006). However, Plaintiffs have no claim under the LMRDA in this Court at this time.[3] Count II therefore also is dismissed without prejudice for lack of subject matter jurisdiction. See *Murray*, 467 F.3d at 605.

### C. Counts III and IV – claims for violation of Local 726 by-laws

Plaintiffs argue that because the Court has jurisdiction under the NLRA and the LMRDA, the Court also has jurisdiction over Plaintiffs' claims in Counts III and IV for violations of the labor union's by-laws. Although Plaintiffs' amended complaint does not mention 28 U.S.C. § 1367, Plaintiffs appear to acknowledge in their response to Defendants' motion to dismiss that "supplemental jurisdiction" is the only conceivable basis for this Court's jurisdiction over Counts III and IV. As the Seventh Circuit consistently has stated, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additivies Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). Finding no justification to

---

[3] As Defendants note, Plaintiffs reliance on *International Brotherhood of Boilermakers v. Hardeman*, 401 U.S. 233 (1971), is misplaced. *Hardeman* was not an election case. In fact, it involved Title I – not Title IV – of the LMRDA, and thus the exclusive scheme set forth above did not apply to the claims at issue in *Hardeman*. See *id*. at 239. Plaintiffs provide no basis for disregarding the plain language of Sections 481-483 or the Title IV precedents from the Supreme Court, the Seventh Circuit, and the Northern District of Illinois cited above.

5

depart from that "usual practice" in this case, the Court dismisses *without prejudice* the state law claims asserted in Counts III and IV Plaintiffs' amended complaint.

### D. Plaintiffs' request that the Court exercise "equitable" jurisdiction

Finally, Plaintiffs allege that they have been ignored by their labor union, the NLRB, and the Department of Labor and argue that even if the Court finds that it lacks jurisdiction under the NLRA and the LMRDA, the Court nevertheless should hear this case under "equitable jurisdiction" because Plaintiffs have no other avenues for redress of their grievances. The Court cannot accept such an argument. To begin with, it is not at all clear that Plaintiffs' complaints to the Labor Department and/or the NLRB will go unanswered. All that the current record reveals is that Plaintiffs "are still awaiting a response" from those agencies. In any event, and more fundamentally, this Court's jurisdiction is defined by Congress and the Constitution (see *Transit Express*, 246 F.3d at 1023); the Court may not alter the contours of its jurisdiction by fiat, even on "equitable" grounds. Congress has decreed that Plaintiffs must turn to the NLRB and the Department of Labor, not to the federal courts, to mount their challenges to the November 2007 union election that Plaintiffs believe was unfair.[4]

## III. Conclusion

For the reasons stated above, Counts I and II of Plaintiffs' amended complaint are dismissed without prejudice for lack of subject matter jurisdiction. In addition, because there are no claims over which this Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims asserted in Counts III and IV of Plaintiffs' amended complaint, and those claims also are dismissed without prejudice. Accordingly,

---

[4] The Court recognizes Plaintiffs' concerns, as reflected in Plaintiffs' motion to impound ballots [20] and motion for expedited hearing and preliminary injunction [29], that the ballots from the election at issue may be destroyed as early as November 3, 2008. However, because this Court lacks jurisdiction over Plaintiffs' claims, any relief with respect to the preservation of those ballots must be sought before the NLRB and/or the Department of Labor, not in this Court.

Plaintiffs' motion to dismiss [17] is granted, and Plaintiffs' motions to impound ballots [20] and for expedited hearing and preliminary injunction [29] are stricken as moot.

Dated: October 14, 2008

_____
Robert M. Dow, Jr.
United States District Judge